**Pearl Cohen Zedek Latzer Baratz LLP**
Daniel Melman, Partner | Dmelman@PearlCohen.com | 646-878-0845

August 13, 2018

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      RE:     **Broker Genius, Inc. v. Seat Scouts LLC et al.
(Case 1:17-cv-08627-SHS-SN)**

Dear Magistrate Judge Netburn:

     We represent Plaintiff Broker Genius, Inc. ("Broker Genius") in the above-referenced action. In accordance with the Court's Rules I(a) and II(c), we seek the Court's urgent intervention regarding a discovery dispute. The undersigned met and conferred by telephone earlier today with counsel for Defendants, but the parties were not able to resolve their dispute.

     Specifically, in their responses to Broker Genius' August 7, 2018, discovery requests in advance of the August 21, 2018 fact hearing, Defendants objected to producing any documents dated after July 13, 2018. (*See* Exhibit 1, Defendants' General Objections at ¶¶ 4 and 6.) Defendants' stated basis for their objection is that "[t]he logistics involved in performing another document collection covering the period July 14, 2018 through the date of this response are not proportional to the needs of the case and collection and review of the documents cannot be completed within the timeframe established by the Court's August 7, 2018 Order for Expedited Discovery." Defendants' objection is without merit, and there is no basis for Defendants' unilateral temporal limitation to providing relevant discovery.[1]

     The August 21st fact hearing will deal with the sole issue of "[w]hether and to what extent defendants enabled their customers to automate Event Watcher's pricing updates" after the preliminary injunction took effect on May 14, 2018. (ECF No. 177.) Broker Genius is entitled to discovery regarding Defendants' continued actions showing the extent to which their customers have been enabled to automate pricing dates. For example, on July 17, 2018, Defendants presented a live "interactive demo of Event Watcher" at the single largest secondary-ticket market industry conference in Las Vegas. This event likely prompted internal communications, as well as communications between Defendants and their customers and prospective customers, regarding Event Watcher and the automation of pricing updates; yet, because of Defendants' unilaterally imposed July 13 cut-off, Broker Genius is being deprived of this (and other) relevant information. Additionally, Defendants' position ignores their obligation under Fed. R. Civ. P. Rule 26(e)(1) to continually supplement their document production.

---

[1] In fact, an analysis of the Defendants' metadata, shows that they produced no documents created after July 9, 2018.

During the parties' meet and confer, Defendants also took the position that Broker Genius' theory supporting its motion for contempt does not warrant the collection and production of documents after July 13, 2018, because Broker Genius filed its motion on June 7, 2018. This position is likewise without merit and is also nonsensical. Broker Genius' motion for contempt does not allege only a single instance of Defendants' violation of the preliminary injunction. On the contrary, Defendants have been violating the preliminary injunction unabated since May 14, 2018, the date that the PI became effective, and continuously to date. Evidence of Defendants' activities after their unilaterally imposed July 13 cut-off date is relevant to Broker Genius' motion for contempt and to the issue to be presented at the August 21st hearing.

Accordingly, we respectfully request that the Court compel Defendants to immediately supplement their production and produce all responsive documents without any temporal limitations.

Sincerely,

/s/ Daniel Melman

Daniel Melman
Pearl Cohen Zedek Latzer Baratz LLP

cc:   Counsel of record (*via* ECF)