UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Broker Genius Inc.,

            Plaintiff,

-against-

Seat Scouts LLC and Drew Gainor,

            Defendant.

17-Cv-8627 (SHS)

MEMORANDUM OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Broker Genius Inc. is a technology company serving ticket brokers on the secondary ticket market. Its product, AutoPricer V3 ("AutoPricer"), is a web application that enables secondary-market ticket brokers to automatically price their inventory of tickets. Broker Genius grants its customers a conditional license to use the AutoPricer application when those customers agree to Broker Genius's Terms of Use. Defendant Drew Gainor, a former Broker Genius customer, is the cofounder of defendant Seat Scouts LLC (collectively, "Seat Scouts"), whose Command Center product competes with AutoPricer. Broker Genius has sued Gainor and Seat Scouts, alleging that Gainor breached the Terms of Use when he used the knowledge and information he gained while he was a Broker Genius customer to develop Command Center.

    One day after filing suit, Broker Genius moved for a preliminary injunction enjoining Seat Scouts from offering its Command Center product to customers. (Doc. 4.) After discovery proceedings and a five-day hearing, the Court granted that motion in May 2018, enjoining defendants from "using or providing or making available . . . to any third party the Command Center video, product, or services." *Broker Genius v. Volpone*, 313 F. Supp. 3d 484, 511 (S.D.N.Y. 2018). Seat Scouts appealed this order and several related orders in this hotly contested litigation to the U.S. Court of Appeals for the Second Circuit. (Doc. 210.) That appeal remains pending.

    Following additional discovery proceedings and a ten-day jury trial, defendants were found liable to Broker Genius for a total of $4.5 million for breach of contract and unfair competition. After a judgment was entered in Broker Genius's favor, plaintiff moved for a reduction in the amount of the $2 million bond that it had posted to secure the

preliminary injunction. (Doc. 354.) That motion is the subject of this Memorandum Opinion.

Because Seat Scouts' appeal of the preliminary injunction is still pending and a permanent injunction has not yet entered, this Court lacks jurisdiction to act on plaintiff's motion. Furthermore, the limited circumstances in which a district court may alter a preliminary injunction while an appeal is pending pursuant to Fed. R. Civ. P. 62(d) are not present in this instance because reducing the amount of the bond is not necessary to maintain the status quo.

## I. PARTIES' ARGUMENTS

Broker Genius urges that it is entitled to a reduction of its bond because "all possibility of harm to the enjoined parties has passed, and there has been no determination that Defendants were wrongfully restrained." (Doc. 354 at 1.) Broker Genius points out that the purpose of a bond pursuant to Fed. R. Civ. P. 65(c) is "to cover any damages that might result if it were later determined that plaintiff was not entitled to an injunction." *Id.* (citations omitted). Since there has now been "a full and fair adjudication on the merits concluding with a jury verdict that Defendants were not legally entitled to engage in the proscribed activity," Broker Genius argues that its $2 million bond is no longer needed to fulfill that purpose. *Id.*

Defendants respond that the Court lacks jurisdiction to reduce the bond because their interlocutory appeal involves the amount of the bond. (Doc. 355 at 1.) Seat Scouts also argues that Broker Genius's assertions that "all possibility of harm to the enjoined parties has passed" and "there has been no determination that Defendants were wrongfully restrained" are inaccurate because the issue of whether defendants were wrongfully enjoined is currently pending before the Second Circuit and therefore has not been finally determined. *Id.* at 2. For this reason, defendants urge that reducing the bond would merely limit the available recourse below the amount already determined by the Court to be the potential amount of harm to defendants. *Id.*

## II. JURISDICTION

Seat Scouts contends that the Second Circuit has exclusive jurisdiction over the issue of the amount of the Rule 65(c) bond because the Court's order altering the amount of the bond is currently on appeal. Seat Scouts is correct.

### A. Legal standard.

The U.S. Supreme Court has held that "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, an exception to this rule

2

occurs when the appeal is from an order granting or denying a preliminary injunction. Under those circumstances, "the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989); *see Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966, 972 (2d Cir. 1975), *abrogated on other grounds by Gov't of United Kingdom of Great Britain & N. Ireland, Through United Kingdom Def. Procuremant Office, Ministry of Def. v. Boeing Co.*, 998 F.2d 68, 71 (2d Cir. 1993); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53 (2d Cir. 2015).

In other words, the matter may proceed in district court on the merits while the appeal is pending. *New York State Nat. Org. for Women*, 886 F.2d at 1350. It is for this reason that "the district court retains jurisdiction to issue a permanent injunction during an appeal from an order granting or denying a preliminary injunction." *United States v. Zedner*, 555 F.3d 68, 83 (2d Cir. 2008). If the district court issues a permanent injunction to replace the preliminary injunction, the appeal of the preliminary injunction is rendered moot. *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999) ("Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter."); *Hedges v. Obama*, 724 F.3d 170, 188 n.113 (2d Cir. 2013); *Webb v. GAF Corp.*, 78 F.3d 53, 56 (2d Cir. 1996); *Town of West Hartford v. Operation Rescue*, 991 F.2d 1039, 1043 (2d Cir. 1993); *New York State Nat. Org. for Women*, 886 F.2d at 1350.

### B. The amount of security posted by Broker Genius is a "question raised and decided in the order that is on appeal" and therefore the Court does not have jurisdiction to reduce the amount of security.

Because the Court has not yet issued a permanent injunction,[1] defendants' interlocutory appeal of the preliminary injunction is not moot and the Court remains divested of jurisdiction over "the questions raised and decided in the order that is on appeal." *New York State Nat. Org. for Women*, 886 F.2d at 1350. The question, therefore, is whether the appropriate amount of the bond is a question "raised and decided in the order that is on appeal." *Id.*

Defendants' notice of appeal, filed August 24, 2018 pursuant to 28 U.S.C. § 1292, states that defendants are appealing from (1) the Court's May 11, 2018 order granting Broker Genius's motion for a preliminary injunction and setting the amount of security; (2) the Court's August 3, 2018 order, and (3) the Court's August 24, 2018 order increasing the amount of the security. (Doc. 210.)

---

[1] At the conclusion of the trial of this action on January 17, 2019, the Court stated that it intends to enter a permanent injunction against defendants. (Trial tr. 1593:19-20, Doc. 377.) The parties are currently submitting briefs on the appropriate parameters of a permanent injunction.

3

In its May 11, 2018 order granting the preliminary injunction, the Court set the amount of security to be posted by Broker Genius pursuant to Fed. R. Civ. P. 65(c) at $100,000. *Broker Genius v. Volpone*, 313 F. Supp. 3d 484, 511 (S.D.N.Y. 2018). Defendants then moved to increase the amount of that bond. (Doc. 123.) The Court granted that motion and increased the amount of security to $2 million in order to more properly secure defendants in an order dated August 24, 2018. (Doc. 209.) It is therefore clear that the amount of security was one of the questions raised and decided in the August 24 order. While defendants' appeal to the Second Circuit of this Court's orders granting a preliminary injunction and increasing the amount of the bond is pending, this Court does not have jurisdiction to change the amount of the bond.

## III. FED. R. CIV. P. 62(d)

### A. Legal standard.

Rule 62(d) regulates a district court's power to alter an injunction notwithstanding the fact that it is the subject of a pending appeal. That rule states: "While an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).[2]

This provision has been interpreted narrowly by the Second Circuit to permit district courts to "grant only such relief as may be necessary to preserve the status quo pending an appeal." *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988); *Carolina Shipping Ltd. v. Renaissance Ins. Group Ltd.*, 2009 WL 256001 at *1 (S.D.N.Y. Feb. 3, 2009). "[M]aintaining the status quo means that a controversy will still exist once the appeal is heard, [so] any action on the district court's part which has the effect of divesting the court of appeals of its jurisdiction over the matter, by eliminating the controversy prior to the hearing of the appeal, is inappropriate." 12 Moore's *Federal Practice* § 62.06 (2018).

### B. Rule 62(d) does not permit the Court to reduce the amount of the bond because it is not necessary to preserve the status quo.

Broker Genius has not provided any evidence that reducing the amount of the bond is necessary to preserve the status quo pending the determination by the Second Circuit of defendants' appeal. Rather, Broker Genius requests that the bond be reduced because "all possibility of harm to the enjoined parties has passed, and there has been no determination

---

[2] Prior to the 2018 amendments to Fed. R. Civ. P. 62, the text that currently comprises subdivision (d) of the rule was located at subdivision (c). The Advisory Committee notes state that the 2018 amendments "reorganized" the subdivisions but "[t]here is no change in meaning." Fed. R. Civ. P. 62 advisory committee's notes to 2018 amendments.

4

that Defendants were wrongfully restrained." (Doc. 354.) While it is true that this Court has made no determination that Seat Scouts was wrongfully restrained, that issue is no longer before this Court; rather, the Second Circuit has jurisdiction to decide whether the preliminary injunction was properly issued, at least until a permanent injunction is issued. *See, e.g., Grupo Mexicano de Desarrollo S.A.*, 527 U.S. at 314; *Hedges v. Obama*, 724 F.3d at 188 n.113. Because the reduction of the bond is not necessary to preserve the status quo pending appeal, Rule 62(d) does not sanction such an alteration of the preliminary injunction at this time.

## IV. CONCLUSION

Because defendants' appeal from the preliminary injunction is currently pending before the Second Circuit, this Court does not have jurisdiction to reduce the amount of the bond that secures the injunction. Additionally, Rule 62(d) does not apply, because reducing the amount of the bond is not required to maintain the status quo. Broker Genius's motion to reduce the amount of the Rule 65(c) bond is therefore denied.

Dated: New York, New York
February 5, 2019

SO ORDERED:

*Sidney H. Stein*
Sidney H. Stein, U.S.D.J.