USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Broker Genius Inc.,

                Plaintiff,

-against-

Seat Scouts LLC and Drew Gainor,

                Defendants.

17-Cv-8627 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Before the Court is Broker Genius's application for the return of the $2,000,000 security that it posted in connection with the preliminary injunction issued on May 11, 2018. For the reasons that follow, the Court grants that application.

## I. BACKGROUND

On November 7, 2017, plaintiff Broker Genius Inc. commenced this action against defendants Seat Scouts LLC and Drew Gainor, among others, for monetary damages and injunctive relief. The Court assumes familiarity with the facts underlying this litigation, which are more fully set forth in *Broker Genius v. Volpone*, 313 F. Supp. 3d 484 (S.D.N.Y. 2018).

After extensive and actively contested discovery proceedings, motion practice, and a five-day fact hearing, the Court granted a preliminary injunction on May 11, 2018 prohibiting defendants from, *inter alia*, making their Command Center product available to any third party.[1] (Doc. 119.) The Court directed Broker Genius to post security in the amount of $100,000 in connection with the injunction. *Id.* Defendants subsequently moved to increase the amount of the bond to $9,000,000 to ensure that it would cover any damages that defendants could incur if they were ultimately found to have been wrongfully enjoined. (Doc. 123.) The Court granted that motion to the extent it ordered

---

[1] At the time the preliminary injunction was issued, Guinio Volpone, Ray Volpone, Stuart Gainor, Volpone Software LLC, and Event Ticket Sales LLC were also defendants in this action. They were all dismissed from this case in the Court's subsequent partial grant of defendants' motion to dismiss plaintiff's Second Amended Complaint on May 14, 2018. *Broker Genius v. Seat Scouts*, No. 17-cv-8627, 2018 WL 2214708 (S.D.N.Y. May 14, 2018).

Broker Genius to post $2,000,000 security for the preliminary injunction. (Doc. 209.) That same day, defendants filed a notice of interlocutory appeal from, *inter alia*, the Court's order granting plaintiff's motion for a preliminary injunction and the Court's order setting the amount of security at $2,000,000. (Doc. 210.)

A ten-day jury trial was held in January 2019, at the conclusion of which the jury awarded $3,000,000 in damages against Gainor on plaintiff's breach of contract claim and $1,500,000 against Seat Scouts and Gainor on plaintiff's unfair competition claim. A judgment to that effect was entered on January 22, 2019 in favor of Broker Genius and the Court issued a permanent injunction against Seat Scouts and Gainor on February 7, 2019 prohibiting them from, *inter alia*, distributing any web application or software product derived from Broker Genius's AutoPricerV3 product, including Seat Scouts' Command Center and Event Watcher products. (Docs. 353, 387.) Defendants filed an appeal from the judgment and the permanent injunction on February 20, 2019. (Doc. 392.)

On March 1, 2019, the U.S. Court of Appeals for the Second Circuit dismissed as moot "the portion of [defendants' interlocutory] appeal challenging the [preliminary injunction]" because the Court had already entered a permanent injunction. *Broker Genius Inc. v. Gainor*, 756 F. App'x 81, 81–82 (2d Cir. 2019). That same day, Broker Genius submitted a letter to this Court seeking the release of the $2,000,000 Rule 65(c) security. (Doc. 393, Pl.'s Mar. 1, 2019 Letter.)

## II. LEGAL STANDARD

Fed. R. Civ. P. 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *See also Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1055 (1990) ("The [preliminary] injunction bond is designed to cover any damages that might result if it were later determined that [the applicant] was not entitled to an injunction."). No security is required for a permanent injunction. *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1108 n.8 (9th Cir. 2003); *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 516 (7th Cir. 2002); *see* Fed. R. Civ. P. 65(c).

A party has been "wrongfully enjoined" pursuant to Fed. R. Civ. P. 65(c) "if it is ultimately found that the enjoined party had at all times the right to do the enjoined act." *Blumenthal*, 910 F.2d at 1054 (internal quotations omitted). "The focus of the wrongfulness inquiry is whether, in hindsight in light of the ultimate decision on the merits after a full hearing, the injunction should not have been issued in the first instance." *Id.*

The U.S. Supreme Court held in *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*:

2

In the case of the usual preliminary injunction, the plaintiff seeks to enjoin, pending the outcome of the litigation, action that he claims is unlawful. If his lawsuit turns out to be meritorious—if he is found to be entitled to the permanent injunction that he seeks—even if the preliminary injunction was wrongly issued (because at that stage of the litigation the plaintiff's prospects of winning were not sufficiently clear, or the plaintiff was not suffering irreparable injury) its issuance would in any event be harmless error. The final injunction establishes that the defendant should not have been engaging in the conduct that was enjoined. Hence, it is reasonable to regard the preliminary injunction as merging into the final one: If the latter is valid, the former is, if not procedurally correct, at least harmless.

527 U.S. 308, 314–15 (1999).

### III. DISCUSSION

Plaintiff believes it is entitled to the return of the $2,000,000 security because the jury verdict in its favor constitutes a "full and final adjudication on the merits" that has foreclosed the possibility that defendants were wrongfully enjoined by the preliminary injunction. (Pl.'s Mar. 1, 2019 Letter at 1.) Broker Genius cites cases that explain, "in the usual case, the [permanent] injunction establishes the substantive validity of the preliminary injunction." (Doc. 396, Pl.'s Mar. 6, 2019 Letter at 2 (citing *U.S. D.I.D. Corp. v. Windstream Communs., Inc.*, 775 F.3d 128, 137–38 (2d Cir. 2014))).

Defendants contest this characterization, arguing that the question of whether the preliminary injunction was wrongfully issued will not be answered until their pending appeal is decided. Defendants maintain that if they prevail before the Second Circuit, they will be entitled to recovery from the security that Broker Genius posted.

Because no security is required for a permanent injunction and the Supreme Court has held that a preliminary injunction "merges" into the permanent injunction once the latter is entered, the Court grants plaintiff's application for an order releasing the $2,000,000 security.

### A. The Preliminary Injunction Merged into the Permanent Injunction, Thereby Eliminating the Need for Security.

The permanent injunction entered by the Court on February 7, 2019 enjoined defendants from engaging in the same acts that the preliminary injunction had prohibited: specifically, providing or making available products derived from Broker Genius's AutoPricerV3 product.

Unlike a preliminary injunction, a permanent injunction does not require a bond. *G.C. & K.B. Investments*, 326 F.3d at 1108 n.8; *Ty, Inc.*, 292 F.3d at 516; *see* Fed. R. Civ. P.

3

65(c). This is because "a preliminary injunction may be granted on a mere probability of success on the merits, [so] generally the moving party must demonstrate confidence in his legal position by posting [security] in an amount sufficient to protect his adversary from loss in the event that future proceedings prove that the injunction issued wrongfully." *Edgar v. MITE Corp.*, 457 U.S. 624, 649 (1982) (Stevens, J., concurring in part and concurring in the judgment.) When a district court issues a permanent injunction after assessing the complete record developed at trial on the merits, the same risk of error does not exist. That is especially true here, where defendants' post-trial motion for judgment in its favor as a matter of law, or alternatively, a new trial, has been denied. Opinion & Order, *Broker Genius v. Seat Scouts*, No. 17-cv-8627 (S.D.N.Y. July 10, 2019), Doc. 446.

The preliminary injunction issued on May 11, 2018 enjoined defendants from engaging in conduct that the Court preliminarily found to be unlawful pending the outcome of the litigation. After a full trial on the merits and a jury verdict for Broker Genius, the Court determined that a permanent injunction was appropriate based on the evidence presented at trial. This situation fits squarely within the scenario described by the Supreme Court in *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, in which the Court held that "even if the preliminary injunction was wrongly issued (because at that stage of the litigation the plaintiff's prospects of winning were not sufficiently clear, or the plaintiff was not suffering irreparable injury) its issuance would in any event be harmless error [because] [t]he final injunction establishes that the defendant should not have been engaging in the conduct that was enjoined." 527 U.S. at 314-15. The Supreme Court went on to note in that case that, in such a situation, "it is reasonable to regard the preliminary injunction as merging into the final one: If the latter is valid, the former is, if not procedurally correct, at least harmless." *Id.* at 315.

Pursuant to *Grupo Mexicano*, then, the preliminary injunction "merg[ed]" into the permanent injunction when it was issued by the Court on February 7, 2019. *Id.* at 315. The security posted by Broker Genius in connection with the preliminary injunction is therefore no longer necessary to protect defendants from the risk of wrongful restraint addressed by Rule 65(c).

### B. The Cases that Defendants Cite in Support of Their Position Are Inapposite.

Defendants cite two Second Circuit cases in support of their contention that the determination of whether they were wrongfully enjoined by the preliminary injunction rests on the ultimate determination on appeal of the merits. But neither case states whether the ultimate determination is the determination of the appeal on the one hand, or the conclusion of the proceedings below, on the other. Rather, they simply refer to the "ultimate decision" or "the end" of the action. *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990) ("The focus of the 'wrongfulness' inquiry

4

is whether, in hindsight in light of the ultimate decision on the merits after a full hearing, the injunction should not have issued in the first instance."); *H.E. Fletcher Co. v. Rock of Ages Corp.*, 326 F.2d 13, 16–17 (2d Cir. 1963) (commenting that the bond "left [plaintiff] liable for damages if in the end it was determined that [defendant] was within its rights in refusing [to take the action that the preliminary injunction required it to take]."). These cases therefore do not change this Court's analysis pursuant to *Grupo Mexicano*.

The remaining authority that defendants cite is similarly unpersuasive.[2] Defendants argue that "this exact issue arose" in *Northeast Airlines, Inc. v. Nationwide Charters & Conventions, Inc.*, 413 F.2d 335 (1st Cir. 1969), where the First Circuit held that "there was liability on a Rule 65 security even when a permanent injunction replaced the preliminary injunction." (Doc. 397, Def.'s Mar. 8, 2019 Letter at 2.) But in *Northeast Airlines*, the First Circuit found that the district court had erred by releasing the security *after* the First Circuit ruled that the defendants had been wrongfully enjoined because the preliminary injunction was too broad. Here, of course, there has been no indication that the defendants were wrongfully enjoined by the preliminary injunction; to the contrary, a permanent injunction has been issued. *Div. No. 1, Detroit, Bhd. of Locomotive Engineers v. Consol. Rail Corp.*, 844 F.2d 1218 (6th Cir. 1988) is also inapposite as it addressed the reversal on appeal of a preliminary injunction, not a permanent injunction.

For the foregoing reasons, plaintiff's application for an order releasing the Rule 65(c) security after a trial on the merits and the entry of a final judgment is granted.

Dated: New York, New York
July 11, 2019

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

---

[2] Defendants also cite two district court cases from outside the Second Circuit in which the courts declined definitively to rule on motions to enforce liability on Rule 65(c) bonds while appeals from judgments in the enjoined parties' favor were pending. *See Momenta Pharm., Inc. v. Amphastar Pharm., Inc.*, 323 F. Supp. 3d 142 (D. Mass. 2018); *Pabst Brewing Co., Inc. v. Corrao*, 999 F. Supp. 1242 (E.D. Wisc. 1998). These cases are also inapposite in that they address the enforcement of liability on Rule 65(c) security rather than the release of that security. Additionally, each suggests that the decision to defer judgment on the enforcement motion until the appeal had been decided was discretionary rather than mandatory.