**PEARL COHEN**

Pearl Cohen Zedek Latzer Baratz LLP
Veronica Mullally-Muñoz, Senior Partner| VMunoz@PearlCohen.com | (646) 878-0881

October 8, 2019

**VIA ECF**

Hon. Sidney H. Stein, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom 23A
New York, NY 10007-1312

      **Re:** *Broker Genius, Inc. v. Seat Scouts et al* **(Case No. 1:17-cv-08627-SHS-SN)**

Dear Judge Stein:

      We represent Plaintiff Broker Genius, Inc. ("Broker Genius") in the above-referenced action. We write to request the Court strike Defendants' so-called "reply" to a "motion to dismiss" that the Court and Defendants already recognized is simply an opposition to Broker Genius' turnover motion. *See* D.I. 479; *see* Oct. 3 Status Conference Tr. 2:12-19.

      Broker Genius filed its Motion for Turnover (D.I. 464) on September 10, 2019 and Defendants opposed that motion by filing a memorandum of law entitled: Seat Scouts LLC's Memorandum of Law in Support of the Motion to Dismiss the Renewed Turnover Motion, and in Opposition to Broker Genius' Renewed Turnover Motion." *See* D.I. 471. There is no procedural basis for Defendants' so-called motion to dismiss – nor does counsel even attempt to articulate one in the opposition brief which merely concludes that the turnover motion "should be denied." (*Id.* at 9). Counsel's self-styled motion practice is a gossamer ploy to circumvent the rules and have the last word in what is an improper sur-reply to Broker Genius' motion – filed without the Court's leave.

      In brief, first, Defendants correctly note that L.R. 7.1(a)(1) requires "[a] notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion." However, L.R. 7.1 does not require that a filing party specify *all* statutory grounds for relief, particularly if those statutory provisions are related. Similarly, L.R. 7.1(a)(1) does not prohibit a party from raising related grounds for relief as necessary to respond to an opposition, as Seat Scouts did by persistently arguing that a turnover order requires a sheriff's sale. Moreover, Broker Genius also moved for relief pursuant to Fed. R. Civ. P. 69(a). Fed. R. Civ. P. 69 looks to state procedure – here, the N.Y. C.P.L.R. – in determining the procedures available to a judgment creditor trying to execute its judgment. Finally, as this Court is aware, the Court's authority to grant such relief is itself equitable, thus invoking those equitable provisions of the N.Y. C.P.L.R. *See Deflora Lake Dev. Assocs. v. Hyde Park*, No. 13-CV-4811, 2016 U.S. Dist. LEXIS 193862, at *2 (S.D.N.Y. June 9, 2016) ("Federal courts have the authority to enforce

New York 1500 Broadway, New York, New York 10036 USA | Phone: 646-878-0800 | Fax: 646-878-0801
Boston 50 Congress Street Boston, MA 02109 USA | Phone: 617-228-5720 | Fax: 617-228-5721
929 Colorado Avenue, Santa Monica, CA 90401, USA| Phone: 424-330-8390 | Fax: 424-330-8391

Hon. Sidney H. Stein, U.S.D.J.
October 8, 2019
Page 2 of 2

their judgments, and retain jurisdiction over supplementary proceedings to do so.") (citing *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)); *see* D.I. 455 at 13; *see also* N.Y. C.P.L.R. § 5240 ("The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.").

Second, Broker Genius defined the "PI Assets" only as is defined by the Permanent Injunction: "any web application, software, and/or software product derived, in whole or in part, from Broker Genius' AutoPricer V3 product, including but not limited to Seat Scouts' Command Center and Event Watcher products at issue in this litigation." *See* D.I. 477 at 1. Defendants were afforded the opportunity to "clarify" the permanent injunction, and have exposed their own shifting representations to the Court as to their unilateral interpretation of the permanent injunction.

Third, Seat Scouts themselves raise novel – and unfounded – arguments in support of their bold contention – belied by the pleadings in Nebraska – that "Seat Scouts owns the right to the code, which is both a trade secret and the valuable manner in which it was written, which is copyrighted." *See* D.I. 479 at 1. It is axiomatic that wrongdoers such as Gainor and Seat Scouts, who steal a product, cannot acquire valid copyright or patent interests in the stolen product or its underlying code. Furthermore, it is improper to raise any such claims in an opposition – or even a "motion to dismiss," particularly when it is only in support of an illogical request that Broker Genius "pay Seat Scouts several million dollars to account for the value of the Event Watcher/Command Center autopricer product." *See id*. at 2.

Defendants' so-called motion to dismiss demonstrates, yet again, "some shifting of Seat Scouts's position". *See* Oct. 3 Status Conference Tr. at 16:10-22. As it suits him, counsel declares Seat Scouts' value to be less than $500,000 or, alternatively, $9 million depending on what his argument is. D.I. 479 at 2. But, Seat Scouts cannot have it every way. Defendants' constantly "shifting [...] position[s]" are geared to mislead the Court but their machinations seeking to avoid execution of the judgment are as transparent as their "motion to dismiss" is baseless. Broker Genius only requests that which is enjoined to be turned over to it as the law permits.

Broker Genius respectfully requests that Defendants' improper sur-reply (D.I. 479) be stricken and that Defendants so-called "motion to dismiss" be denied.

                                                        Respectfully,

                                                        <u>/s/ Veronica Mullally-Muñoz</u>
                                                        Veronica Mullally-Muñoz
                                                        Pearl Cohen Zedek Latzer Baratz LLP

cc:    Counsel of record (*via* ECF)