UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------

BROKER GENIUS INC.,

          Plaintiff,

v.

SEAT SCOUTS LLC and DREW GAINOR,

          Defendants.

------------------------------------

17-Cv-8627 (SHS)

ORDER GRANTING
PLAINTIFF'S MOTION TO
CERTIFY JUDGMENT

SIDNEY H. STEIN, U.S. District Judge.

On January 22, 2019, following a ten-day jury trial, a judgment was entered in the sum of $3,000,000 against defendant Drew Gainor on plaintiff Broker Genius's breach of contract claim, and $1,500,000 against defendants Drew Gainor and Seat Scouts on Broker Genius's unfair competition claim. (ECF No. 353.) Defendants filed a notice of appeal from the judgment on February 20, 2019. (ECF No. 392.) Plaintiff Broker Genius now seeks an order pursuant to 28 U.S.C. § 1963 directing the Clerk of Court to certify the judgment and for the Court to permit Broker Genius to register the judgment in districts in which defendants have assets, including the Eastern District of North Carolina, the District of Nebraska, the District of Delaware, the Northern District of California, and the District of Massachusetts. (*See* ECF No. 490 at 1.) Seat Scouts and Gainor oppose Broker Genius's request. (ECF No. 507.)

Section 1963 permits a judgment of a federal district court to be registered in any other federal district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. "'Good cause' can be established 'upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.'" *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997) (quoting *Woodward & Dickerson v. Kahn*, 1993 WL 106129, at *1 (S.D.N.Y. Apr. 2, 1993)); *see also Owen v. Soundview Fin. Grp., Inc.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999); *Teachers Ins. & Annuity Ass'n of Am. v. Ormesa Geothermal*, 1991 WL 254573, at *1 (S.D.N.Y. Nov. 21, 1991).

Here, defendants have filed a notice of appeal but have neither posted a bond nor sought a stay. Broker Genius is thus free to enforce its judgment. Broker Genius represents that its post-judgment investigation into defendants' assets has failed to uncover any assets located within the State of New York. (ECF No. 490 at 1, 3.)

Defendants' opposition does not dispute that they have no assets in New York. Broker Genius's investigation also revealed that both Gainor and Seat Scouts have assets outside of New York. (*See* Munoz Decl. Exs. 2, 6, 9, 10–14; ECF No. 491.) This Court therefore finds that good cause exists pursuant to 28 U.S.C. § 1963 and plaintiff is permitted to register the judgment in districts in which defendants have assets, including the District of Nebraska, the District of Delaware, the District of Massachusetts, the Eastern District of North Carolina, and the Northern District of California. *See BC Media Funding Co. II v. Lazauskas*, 2009 WL 290526, at *4 (S.D.N.Y. Feb. 6, 2009).

Furthermore, "[w]hile improper transfers or other activity designed to deprive plaintiff of the benefits of the judgment are sufficient to satisfy the requirement of good cause, they are not necessary." *Lankler Siffert & Wohl, LLP v. Rossi*, 2004 WL 1627167, at *1 (S.D.N.Y. July 21, 2004); *accord Pereira v. Cogan*, 2003 WL 22510410, at *1 (S.D.N.Y. Nov. 4, 2003). Two judges of this district have repeatedly expressed their concern regarding defendants' business dealings with Pistol Enterprises LLC following the entry of judgment. (*See, e.g.*, June 5, 2019 Tr. 49:2–16, ECF No. 426 (before Judge Alison J. Nathan) ("[T]he evidence in the record before me does strongly suggest that Seat Scouts is in the process of dissipating its assets in a manner that would make it potentially impossible for Broker Genius to recover what is owed. . . . [P]laintiff has shown that there are sufficiently serious questions as to whether the transfer of assets to the Pistol entity through the default judgment proceedings would constitute a fraudulent conveyance designed to frustrate the valid judgment entered against Seat Scouts."); June 19, 2019 Tr. 14:12–22, ECF No. 437 (before this Court) ("[T]here's plenty [of] indicia of a fraudulent conveyance here. . . . That the record as it now stands certainly has indicia that this is an effort by two friends to make sure that Broker Genius doesn't get the money for the judgment that they were concerned would ultimately come down against it—against Seat Scouts.").)

Although not necessary, this evidence further fortifies the existence of good cause to grant plaintiff's motion.

Accordingly, plaintiff's motion is granted and the Clerk of Court is directed to certify the judgment dated January 22, 2019. Broker Genius is permitted to register the judgment in districts in which defendants have assets.

Dated: New York, New York
January 28, 2020

SO ORDERED:

*Sidney H. Stein*
Sidney H. Stein, U.S.D.J.