UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2 20 2020

BROKER GENIUS INC.,

Plaintiff,

v.

SEAT SCOUTS LLC and DREW GAINOR,

Defendants.

17-Cv-8627 (SHS)

MEMORANDUM &
ORDER

SIDNEY H. STEIN, U.S. District Judge.

On January 28, 2020, this Court granted Broker Genius's motion directing the Clerk of Court to certify the trial judgment dated January 22, 2019 and permitting Broker Genius to register that judgment in districts where defendants have assets pursuant to 28 U.S.C. § 1963. (Order Granting Plaintiff's Motion to Certify Judgment [hereinafter "January 28 Order"], ECF No. 516.) Broker Genius now requests that the Court take the same action with respect to the civil contempt judgment entered against defendants Seat Scouts and Drew Gainor on August 12, 2019 in the amount of $280,039.03. (ECF No. 460.)

Seat Scouts and Gainor oppose Broker Genius's request. (Def. Mem. of Law in Opp'n [hereinafter "Def. Opp'n"], ECF No. 526.) Defendants' submission, however, is in essence a motion for reconsideration of the January 28 Order rather than an opposition to Broker Genius's second motion. (*See, e.g.*, Def. Opp'n at 1 ("This opposition specifically responds to the Court's stated basis explained in the Court's January 28, 2020 Order, that we submit [is] clear error and that the Court may wish to reconsider in adjudicating this motion.").) The Court construes defendants' filing as a motion for reconsideration before addressing the merits of Broker Genius's motion.

## I. DEFENDANTS' SUBMISSION CONSTRUED AS A MOTION FOR RECONSIDERATION

Seat Scouts and Gainor's motion, construed as one for reconsideration, fails. A motion for reconsideration may be granted only when "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (quotation marks omitted). Because a motion for reconsideration "is not a substitute for appeal," *Morales v. Quintiles*

*Transnat'l Corp.,* 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998), the legal standard "must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," *Hoffenberg v. Hoffman & Pollok,* 296 F. Supp. 2d 504, 505 (S.D.N.Y. 2003) (quotation marks and citation omitted).

Defendants point to two instances where they believe the Court committed clear error. First, Seat Scouts and Gainor contend that the Court incorrectly wrote that defendants "d[o] not dispute that they have no assets in New York." (Def. Opp'n at 1.) Second, defendants argue that the January 28 Order violates Article IV of the U.S. Constitution because it fails to give the Nebraska court's judgment full faith and credit. (*Id.* at 3.) Defendants are incorrect.

Seat Scouts and Gainor's opposition to Broker Genius's first motion to certify includes the following: "Broker Genius' application presents no good cause for the request, and is supported by false claims. It starts with the incorrect statement that no assets are located within this Court's jurisdiction to satisfy the judgments." (ECF No. 507 at 3.) Although defendants' attorney thus sets forth in a memorandum of law, without any factual support, that Broker Genius is "incorrect" that defendants have "no assets" in this jurisdiction, they fail to substantiate that claim. Indeed, defendants fail to proffer the existence of any New York assets whatsoever.

Defendants' statement, standing alone, is not sufficient to rebut the sworn declaration and accompanying exhibits, submitted by Broker Genius's counsel, that indicate none of defendants' assets are located in New York. (*See* Decl. of Veronica Mullally Munoz, ECF No. 490.) "In the absence of contrary evidence, the affidavit in support of the judgment creditors' motion should be presumed to be true." *Owen v. Soundview Fin. Grp., Inc.,* 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999) (citing *AT&T Corp. v. Pub. Serv. Enterp. of Pa., Inc.,* No. 98 CIV 6133, 1999 WL 672543, at *6 (S.D.N.Y. Aug. 24, 1999)). Neither defendant has submitted an affidavit or declaration under penalty of perjury addressing the existence or location of their assets.[1] Accordingly, the Court's statement that "[d]efendants' opposition does not dispute that they have no assets in New York" continues to hold true. (*See* January 28 Order at 2.)

Next, defendants contend that the skepticism this Court expressed regarding their business dealings with Pistol Enterprises LLC violates the full faith and credit clause. (Def. Opp'n at 2.) Seat Scouts and Gainor urge that the Nebraska court has already adjudicated "the merits of the Pistol transaction" and found the loan to be valid in its Order of Default Judgment dated June 25, 2019. (*Id.*) To the extent that defendants claim

---

[1] Seat Scouts and Gainor filed a declaration signed by Christopher Heisenberg in support of their opposition to Broker Genius's first motion to certify, but this declaration does not address whether defendants have assets in New York. (*See* ECF No. 506.)

that Pistol retains a perfected security interest in Seat Scouts' assets, this issue can be raised in the district court where Broker Genius registers the judgment. Whether the asset is encumbered is not part of the certification inquiry, which requires simply that the judgment creditor establish "good cause" pursuant to 28 U.S.C. § 1963.

Upon accepting defendants' invitation to reconsider its January 28 Order, this Court concludes that the motion fails because it does not meet "the Second Circuit's high standard for reconsideration under a strict construction of Local Rule 6.3." *Nw. Nat. Ins. Co. v. Insco, Ltd.*, No. 11 CIV 1124, 2011 WL 5574953, at *2 (S.D.N.Y. Nov. 15, 2011).[2]

## II. DEFENDANTS' SUBMISSION CONSTRUED AS AN OPPOSITION TO BROKER GENIUS'S MOTION TO CERTIFY THE CONTEMPT JUDGMENT

Even if the Court were to construe defendants' submission as an opposition to Broker Genius's motion to certify the contempt judgment pursuant to 28 U.S.C. § 1963, the opposition fails. Seat Scouts and Gainor oppose the motion by "incorporat[ing] by reference the arguments contained in Defendants' prior opposition to the first motion." (Def. Opp'n at 1.) For the reasons set forth in the Court's January 28 Order, Broker Genius's motion is granted and the Clerk of Court is directed to certify the contempt judgment dated August 12, 2019. Broker Genius is permitted to register the judgment in districts in which defendants have assets, including the District of Nebraska, the District of Delaware, the District of Massachusetts, the Eastern District of North Carolina, and the Northern District of California.

Dated: New York, New York
February 20, 2020

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[2] In addition, Local Civil Rule 6.3 mandates that a motion for reconsideration be filed within 14 days after the entry of a court's determination of the original motion. Defendants' opposition was filed on February 12, 2020, which is 15 days after the Court's January 22 Order. (*See* ECF No. 526.) It is thus untimely as a motion for reconsideration.