UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



BROKER GENIUS INC.,

                 Plaintiff,

v.

SEAT SCOUTS LLC and DREW GAINOR,

                 Defendants.

17-Cv-8627 (SHS)

**ORDER**

SIDNEY H. STEIN, U.S. District Judge.

Federal Rule of Civil Procedure 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise.*" Fed. R. Civ. P. 62(a) (emphasis added). This provision gives a court the "authority to dissolve the automatic stay or supersede it by a court-ordered stay." Fed. R. Civ. P. 62(a) advisory committee's note to 2018 amendment. "One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated." *Id.; see also Allstar Mktg. Grp., LLC v. 158*, No. 18-CV-4101-GHW, 2019 WL 3936879, at *4 n.6 (S.D.N.Y. Aug. 20, 2019) ("Thus, if a plaintiff is concerned that defendants might attempt to conceal assets during the pendency of the automatic stay, it should include a dissolution of that stay as part of the relief requested in its proposed judgment.").

On March 3, 2020, this Court signed a civil contempt judgment in the sum of $280,039.03 against defendants Drew Gainor and Seat Scouts LLC. (*See* ECF No. 538.) Defendants have been attempting to avoid enforcement of any judgment in this action. (*See, e.g*; June 5, 2019 Tr. 49:2–16, ECF No. 426 (before Judge Alison J. Nathan) ("[T]he evidence in the record before me does strongly suggest that Seat Scouts is in the process of dissipating its assets in a manner that would make it potentially impossible for Broker Genius to recover what is owed. . . . [P]laintiff has shown that there are sufficiently serious questions as to whether the transfer of assets to the Pistol entity through the default judgment proceedings would constitute a fraudulent conveyance designed to frustrate the valid judgment entered against Seat Scouts."); June 19, 2019 Tr. 14:12–22, ECF No. 437 (before this Court) ("[T]here's plenty [of] indicia of a fraudulent conveyance here. . . . That the record as it now stands certainly has indicia that this is an effort by two friends to make sure that Broker Genius doesn't get the money for the judgment that they were concerned would ultimately come down against it—against Seat Scouts."); Oct. 3, 2019 Tr. at 7:14, ECF No. 513 (before this Court) (Ms. Munoz's testimony that "[defendants] haven't paid a penny on the judgment.")).

Accordingly, IT IS HEREBY ORDERED that the 30-day automatic stay of proceedings to enforce a judgment in Rule 62(a) is terminated and Broker Genius may proceed to execute on the civil contempt judgment entered by this Court on March 3, 2020. (*See* ECF No. 538.)

Dated: New York, New York
March 3, 2020

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.