UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BROKER GENIUS INC.,

                Plaintiff,

     v.

SEAT SCOUTS LLC and DREW GAINOR,

                Defendants.

17-Cv-8627 (SHS)

MEMORANDUM & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    The Court is once again (*see* Sept. 23, 2019 Order, ECF No. 472) at the receiving end of a literally never-ending letter-writing campaign fought by plaintiff Broker Genius and defendants Drew Gainor and Seat Scouts LLC. (*See* ECF Nos. 559, 560, 562, 563, 564, 565, 566.) Consistent with past practice, the seven most recent letters are utterly devoid of legal argument yet filled with ad hominem attacks.

    From what the Court can surmise from this tsunami of invective, the issue requiring immediate attention is whether the allegedly non-autopricing products identified in Seat Scouts' letter dated June 8, 2020, fall within the purview of the Permanent Injunction issued by this Court on February 7, 2019. These Seat Scouts products include Reconciler, the Sync suite (Mobile Transfer, Refund Manager, and Inventory Distribution and Order Processing), and Data and Analytics. (June 8 Letter, ECF No. 562.)

    In August 2018, this Court entered an order of contempt against defendants for blatantly violating the preliminary injunction. (*See* ECF No. 209.) In January 2019, a ten-day jury trial was held, at the conclusion of which the jury awarded damages of $3,000,000 against defendant Drew Gainor on Broker Genius's breach of contract claim, and $1,500,000 against Drew Gainor and Seat Scouts on Broker Genius's unfair competition claim. (ECF No. 353.) A judgment to that effect was entered on January 22, 2019 in favor of Broker Genius. (ECF No. 353.) The Court also issued a permanent injunction against Seat Scouts and Gainor on February 7, 2019 prohibiting them from, *inter alia*, "indirectly making, using, distributing, and/or making available by sale or otherwise any web application, software, and/or software derived, in whole or in part, from Broker Genius' AutoPricer V3 product." (Permanent Injunction ¶ 1, ECF No. 387.) Defendants appealed. (ECF No. 392.)

    On April 20, 2020, the U.S. Court of Appeals for the Second Circuit issued a 12-page summary order affirming this Court's order of contempt, entry of judgment, and

permanent injunction. *See Broker Genius Inc. v. Seat Scouts LLC and Drew Gainor*, No. 19-2686-CV, 2020 WL 1908341 (2d Cir. Apr. 20, 2020).

In its June 8 letter, Seat Scouts has unilaterally determined that the assets at issue are not subject to the Permanent Injunction and are going to be sold to an unnamed buyer within two weeks. (June 8 Letter.) This they cannot do. Defendants have consistently argued that they believe these products are not covered by the Permanent Injunction (*see* Seat Scouts' Mot. for Clarification at 8, ECF No. 482; ECF No. 557, at 9; June 8 Letter at 1; ECF No. 564 at 1), but the Court has repeatedly and clearly expressed that additional fact finding and expert testimony is necessary in order to resolve the issue (*see*, *e.g.*, Sept. 23, 2019 Order at 4, ECF No. 472 ("Further information from the parties is therefore necessary to determine whether the Nebraska foreclosure includes enjoined collateral or if defendants have properly separated the assets."); Oct. 3, 2019 Tr. at 22–23 (To understand whether Data and Analytics is covered by the Permanent Injunction, "[the Court] would need a factual hearing with the usual task of experts.").)

Seat Scouts' unilateral proclamation is impermissible. Seat Scouts previously asked the Court for clarification on similar issues relating to which assets are covered by the Permanent Injunction. (*See* ECF No. 463, 467; Oct 3. Tr. at 19: 24–25, 27:22–25; *see also* Seat Scouts' Mot. for Clarification.) It is for the Court to now determine whether these products are "derived, in whole or in part, from Broker Genius' AutoPricer V3" as set forth in the Permanent Injunction.

The Court concludes by noting its increasing concern over Seat Scouts' underhanded maneuvers and essentially complete lack of candor with the Court. Seat Scouts and Gainor are doing everything they can to avoid paying Broker Genius the combined $4,500,000 judgment entered by this Court a year and a half ago. For nearly two years, Seat Scouts has alternated between investing in and placing new products on the market on the one hand, and stating that it is shutting down and going out of business on the other hand. (*See*, *e.g.*, ECF No. 482 (Seat Scouts "intend[s] to return to pricing technology in the near future . . . ."); Aug. 24, 2018 Tr. at 21:5–9 (Heisenberg stating, "[W]e are going to be closing the business until further order of the court or the appellate court."); ECF No. 562 (June 8, 2020 letter from Seat Scouts stating they are in the process of "shutting down").)

Seat Scouts has publicly disseminated confidential trial documents (*see* ECF No. 495), has misrepresented to this Court the proceedings that were held before the Nebraska state court (*see*, *e.g.*, ECF No. 471 at 6), and has taken a highly questionable loan from a friend of Gainor in exchange for allegedly encumbering all of Seat Scouts' assets. Two separate judges of this district have expressed concern regarding defendants' business dealings with the alleged lender, Pistol Enterprises. (*See*, *e.g.*, June 5, 2019 Tr. 49:2–16, ECF No. 426 (before Judge Alison J. Nathan) ("[T]he evidence in the record before me

does strongly suggest that Seat Scouts is in the process of dissipating its assets in a manner that would make it potentially impossible for Broker Genius to recover what is owed. . . . [P]laintiff has shown that there are sufficiently serious questions as to whether the transfer of assets to the Pistol entity through the default judgment proceedings would constitute a fraudulent conveyance designed to frustrate the valid judgment entered against Seat Scouts."); June 19, 2019 Tr. 14:12–22, ECF No. 437 (before this Court) ("[T]here's plenty indicia of a fraudulent conveyance here. . . . That the record as it now stands certainly has indicia that this is an effort by two friends to make sure that Broker Genius doesn't get the money for the judgment that they were concerned would ultimately come down against it-against Seat Scouts."); Oct. 3. Tr. at 19:5–11 ("But there certainly are plenty of indications that [it's] a put up deal.  You know, it's a friend of Gainor's.  The lawyer disavowed any involvement except as a scrivener in the deal.  Seat Scouts did not oppose the foreclosure in the least. . . . [T]here are flags flying . . . that certainly suggest . . . there's a possibility that it was a fraudulent transfer.").)

Accordingly, IT IS HEREBY ORDERED that pursuant to the Permanent Injunction entered on February 7, 2019, Seat Scouts is prohibited from conducting a sale of Reconciler, the Sync suite (Mobile Transfer, Refund Manager, and Inventory Distribution and Order Processing), and Data and Analytics (*see* June 8 Letter) pending this Court's determination of Seat Scouts' own request for the Court to clarify whether the sale of those products would in fact violate the Permanent Injunction.

Dated:  New York, New York
        June 16, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.